# IN THE COURT OF APPEALS OF IOWA

No. 14-1115
Filed August 27, 2014

IN THE INTEREST OF J.V. and A.V.,
    Minor Children,

S.G., Mother,
    Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Julie Schumacher, District Associate Judge.

A mother appeals the district court order adjudicating her children to be in need of assistance. **AFFIRMED.**

Zachary S. Hindman of Bikakis, Mayne, Arneson, Hindman & Hisey, Sioux City, for appellant.

Thomas J. Miller, Attorney General, Bruce L. Kempkes, Assistant Attorney General, Patrick A. Jennings, County Attorney, and J. Aaron Kirsch, Assistant County Attorney, for appellee.

Joseph W. Kertels of Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Vogel and Bower, JJ.

**BOWER, J.**

A mother appeals the juvenile court order adjudicating her children to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) (2013).

**I.      BACKGROUND FACTS AND PROCEEEDINGS**

S.G.is the mother of two children: J.V. born in 2011, and A.V. born in 2010.  The whereabouts of the children's father is unknown.

The Iowa Department of Human Services (DHS) first became aware of J.V. and A.V. in August 2013 when the child protection unit received a report concerning A.V., who had been found outside the mother's apartment at 4 p.m. When law enforcement informed the mother of the incident, she responded she had been sleeping.   The manager of the apartment complex indicated A.V. had been found alone outside the apartment on six separate occasions.

The State filed a petition in September 2013 alleging the children were children in need of assistance.  Before the November hearing, the parties agreed to suspend the hearing based upon the mother's agreement to cooperate with services.  The juvenile court approved this agreement on November 25, 2013. On December 31, 2013, the court set a review hearing for January 30, 2014 to again ensure the mother continued to cooperate with services.

Testimony at the adjudication hearing showed DHS worked with the mother by installing new locks and door knobs to prevent future escapes by A.V. Testimony also revealed the mother's ongoing issues of allowing strangers, or "friends of friends," into her home.  The mother acknowledged she has an "open door" policy and she would let anyone come around her kids.   Her policy

exposed the children to a dangerous suspected murderer on January 28, 2014, just three days before the review hearing. After a neighbor removed the children from the mother's home, law enforcement confronted and killed a suspected murderer in the home. Subsequently, the children were removed by court order because of the circumstances surrounding the shooting. The court held a temporary removal hearing and contested adjudication on March 28, 2014. The court found the mother did not consistently exercise visitation after the children had been removed—she arrived late, left early, or on occasion, cancelled. The mother blamed the inconsistency of her visitations on her personal investigation into the removal of her children. She also claimed visiting her children made her very emotional. The mother agreed she suffers from depression, causing an erratic sleep schedule, but she does not believe she needs counseling. The court, using the appropriate clear-and-convincing-evidence standard, found A.V. and J.V. were CINA under Iowa Code section 232.2(6)(c)(2) (2013).

The court held a dispositional hearing on June 13, 2014. At the hearing, the mother requested her children be returned, and the court set a dispositional review hearing rather than a permanency hearing in five months. The court reviewed the mother's progress and noted she had moved to a friend's trailer in South Sioux City, Nebraska, was unemployed, and on the advice of her attorney was looking into mental health counseling. The court set a CINA dispositional review/permanency hearing for November and ordered the mother to submit to a psychological evaluation and attend a parenting skills class. The court left the children in foster care, and the mother appeals.

**II.     STANDARD OF REVIEW**

Our review of CINA proceedings is de novo. *In re Long*, 313 N.W.2d 473, 482 (Iowa 1981). We review "both the facts and the law, and we adjudicate rights anew." *In re T.A.L.*, 505 N.W.2d 480, 482 (Iowa 1993). "Although we give weight to the factual determinations of the juvenile court, especially when considering the credibility of witnesses, we are not bound by them." *Id.* The paramount consideration in CINA proceedings is the best interests of the child. *In re D.T.*, 435 N.W.2d 323, 329 (Iowa 1989). "The presumption a child's best interests will be served by leaving the child with the child's parent is not conclusive." *Id.* "It is the duty of the State, as parens patriae, to see that every child within its borders receives proper care and treatment." *Id.* We will thus uphold an adjudicatory order only if there is clear and convincing evidence supporting the statutory grounds cited by the juvenile court. Iowa Code § 232.96(2) (2013); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

**III.    ANALYSIS**

The mother raises four arguments on appeal: (1) The State caused the suspected murderer to be in the mother's home, therefore his presence cannot serve as the basis of the court's CINA ruling; (2) A.V. being found outside the apartment seven months prior to the adjudication cannot serve as the basis of the court's CINA ruling; (3) the mother living with a friend does not support the court's CINA ruling; and (4) the mother's difficulty in attending scheduled visits was caused by the State and cannot serve as a basis of support for the CINA

ruling. We keep these arguments in mind while conducting our de novo review of the record.

In essence, the mother argues the court did not rely on clear and convincing evidence to make a finding, under section 232.2(6)(c)(2), her children were in need of assistance. Iowa Code section 232.2(6)(c)(2) defines a child in need of assistance as an unmarried child "[w]ho has suffered or is imminently likely to suffer harmful effects as a result of any of the following: The failure of the child's parent . . . to exercise a reasonable degree of care in supervising the child." The mother blames the State for creating a situation where the children were potentially exposed to harm. She believes the State's actions in having an informant bring the suspected murderer to her apartment is the sole cause of the CINA proceeding.

While it is unfortunate he incident on January 28 occurred in the mother's apartment, the incident merely exposed the unresolved issues with the mother's care in supervising the children. By allowing anyone into her home, the mother subjected the children to imminent harm. Testimony showed the mother has yet to internalize the potential harm strangers could cause her children. Further limiting the mother's ability to "exercise reasonable care" in the supervision of her children is her lack of employment to support the children and her tendency to drive illegally without regard for future consequences. The mother also acknowledges she suffers from severe depression. The combination of these factors support the court's finding by clear and convincing evidence J.V. and A.V. are children in need of assistance. Iowa Code § 232.96(9) (stating the court

must find facts established by clear and convincing evidence to enter an order adjudicating a child to be a child in need of assistance).

We conclude the record before us contains clear and convincing evidence the children are imminently likely to suffer harmful effects as a result of the mother's failure to exercise a reasonable degree of care in supervising the children.

**AFFIRMED.**